UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEAN PARKS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Respondents. | 1:10-cv-00829-SKO-HC<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTIONS FOR EXTENSION OF TIME AND DIRECTIONS AND FOR CLARIFICATION (Docs. 3, 6)<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 27, 2010 (doc. 7). Pending before the Court are two motions concerning Petitioner's application to proceed in forma pauperis, and the petition.

///

1

I.  <u>Motions concerning Application to Proceed In Forma Pauperis</u>

Petitioner's application to proceed in forma pauperis was granted on May 18, 2010. (Doc. 5.)

Petitioner has filed two motions pertinent to the application: 1) a motion for an extension of time and for directions concerning obtaining trust account information from his custodial institution (doc. 3, filed May 13, 2010), and 2) a motion for clarification in which Petitioner submits additional documentation for his application to proceed in forma pauperis (doc. 7, filed May 21, 2010).

Because the motion to proceed in forma pauperis has already been granted, Petitioner's motions for an extension of time and for clarification are DENIED as moot.

II. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### III.   Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner named as Respondent the State of California and the Attorney General of the State of California. (Pet. 1.)  Petitioner is incarcerated at the California Substance Abuse Treatment Facility and State Prison located in Corcoran, California (SATF-CSP).  The warden at that facility is Kathleen Allison.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison where the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional

3

1 agency. Id.

2 Petitioner's failure to name a proper respondent requires
3 dismissal of his habeas petition for lack of jurisdiction.
4 Stanley, 21 F.3d at 360.

5 However, the Court will give Petitioner the opportunity to
6 cure this defect by amending the petition to name a proper
7 respondent, such as the warden of his facility. See, In re
8 Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of
9 judicial economy, Petitioner need not file an amended petition.
10 Instead, Petitioner may file a motion entitled "Motion to Amend
11 the Petition to Name a Proper Respondent" wherein Petitioner may
12 name the proper respondent in this action.

13 IV. <u>Order Granting Leave to File a Motion to Amend
   the Petition</u>

14 Accordingly, Petitioner is GRANTED thirty (30) days from the
15 date of service of this order in which to file a motion to amend
16 the instant petition and name a proper respondent. Failure to
17 amend the petition and state a proper respondent will result in a
18 recommendation that the petition be dismissed for lack of
19 jurisdiction.

20

21 IT IS SO ORDERED.

22 **Dated:   July 26, 2010**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE
23

4