UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN DEAN PARKS, | ) | 1:10-cv—00829-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING AND DISREGARDING AS |
| | ) | MOOT PETITIONER'S MOTION TO |
| | ) | CONTINUE THE PETITION (DOC. 15) |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| KATHLEEN ALLISON, | ) | DISMISS THE PETITION WITHOUT |
| | ) | LEAVE TO AMEND FOR FAILURE TO |
| Respondent. | ) | STATE A COGNIZABLE CLAIM |
| | ) | (DOC. 1) |
| | ) | |
| | | FINDINGS AND RECOMMENDATIONS TO |
| | | DENY PETITIONER'S MOTION FOR |
| | | DISMISSAL OR DEFAULT JUDGMENT |
| | | (DOC. 20) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 27, 2010 (doc. 7). Pending before the Court is the petition, which was filed on May 12, 2010. Respondent answered the petition on January 18, 2011,

1

and Petitioner filed a traverse on January 28, 2011, with supplemental replies filed on February 3, 7, and 9, 2011.

## I. Background

The petition challenges on due process grounds decisions upholding a finding that Petitioner was unsuitable for parole made by state parole authorities at the Corcoran State Prison on March 25, 2009. (Pet. 4, 53-60.) Amendment of the petition to name a proper respondent was effected on September 8, 2010. Petitioner attempted to stay these proceedings to permit exhaustion in the state courts of claims concerning his conviction of criminal offenses in Riverside, which Petitioner sought to have included in the present proceeding. On November 19, 2010, Petitioner's motion for stay and abeyance of these proceedings was denied because Petitioner's claims concerning his Riverside County robbery convictions, which were sustained in the Central District of California, were not properly brought in this district. 28 U.S.C. § 2241(d); Laue v. Nelson, 279 F.Supp. 265, 266 (C.D.Cal. 1968). Further, a claim challenging the Riverside County sentence would concern a different judgment, and thus would not properly be included in this petition. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules); Bianchi v. Blodgett, 925 F.2d 305, 308-11 (9th Cir. 1991); Williams v. Sisto, 2009 WL 3300038, *12 (E.D.Cal. Oct. 14, 2009).

Respondent filed an answer on January 18, 2011. In the answer, Respondent admitted that Petitioner exhausted his claim that the parole decision was not supported by some evidence. (Doc. 19, 2:9-12.)

1   II.  <u>Disregard and Denial of Petitioner's Motion to Continue the Proceedings</u>

On November 24, 2010, Petitioner filed a motion to continue the petition, which he characterized as having been stayed or abated. Because the petition in this action was not stayed, the basis for the motion is unclear. Petitioner states in the application that all state court remedies have now been exhausted. (Doc. 15, 1.)

As Petitioner's motion concerns the claim or claims pending in this petition concerning the finding of unsuitability for parole, Petitioner's motion is DISREGARDED as moot, because the case is proceeding on those claims.

Insofar as Petitioner's motion concerns any claims involving a challenge to Petitioner's Riverside County convictions, Petitioner's motion is DENIED because the Court has previously declined to stay the present proceedings, and the Court has further ruled that those claims are not properly included in this proceeding.

III.  <u>Consideration of Dismissal of the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all

3

grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Respondent answered the petition on January 18, 2011, and Petitioner filed a traverse and related documents in late January and early February 2011. After Respondent filed the answer, the United States Supreme Court decided Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011). Because Swarthout appears to govern the instant case, and as no motion to dismiss the petition has been filed, the Court proceeds to consider whether the petition states a cognizable claim for relief.

   IV.   Failure to State a Cognizable Due Process Claim
         A.   The Allegations of the Petition

Petitioner alleges that he is an inmate of the Substance

4

1  Abuse Treatment Facility (SATF) at Corcoran, California, serving
2  a sentence of fifteen (15) years to life imposed by the Riverside
3  County Superior Court in July 1990 for Petitioner's conviction of
4  murder in violation of Cal. Pen. Code § 187.  (Pet. 1.)  In the
5  petition, Petitioner challenges the decision of California's
6  Board of Parole Hearings (BPH) made after a hearing held on March
7  25, 2009, denying Petitioner parole on the ground that he was
8  unsuitable for parole.  (Pet. 4.)  Petitioner's claim is that the
9  board's decision that Petitioner posed an unreasonable risk to
10 the safety of others if he were released on parole lacked the
11 support of any evidence.  Petitioner essentially argues that the
12 evidence concerning his parole suitability merited a grant of
13 parole.  He argues that he committed only minor infractions while
14 incarcerated, his psychological evaluation stated that he
15 presented a moderate or below-average risk of violence, and he
16 expressed insight and remorse for his crime.  (Pet. 4.)

17      Petitioner attached to his petition the transcript of the
18 hearing held on March 25, 2009, before the BPH.  (Pet., doc. 1,
19 12-60.)  The transcript shows that Petitioner attended the
20 hearing (pet. 12, 15); received documents before the hearing and
21 was afforded an opportunity to correct or clarify the record
22 reflected in Petitioner's central file and prior transcripts
23 (pet. 17, 19); addressed the board concerning numerous factors of
24 parole suitability (pet. 20-46); and personally made a statement
25 to the board in favor of release on parole (pet. 51-52).
26 Further, an attorney appeared and advocated on Petitioner's
27 behalf, making a closing statement in favor of parole.  (Pet. 12,
28 15, 18, 47-51.)

5

The transcript also reflects that Petitioner was present when the board explained the reasons underlying its decision to deny parole for five years, which included the commitment offense (murder and robbery of a man who had offered Petitioner a job and had furnished him dinner), Petitioner's history of criminality and drug use, his unstable social history, previous failures on probation, a poor disciplinary record in prison, and minimization of the crime and failure to take responsibility for his misbehavior. (Pet. 53-60.)

### B. Analysis

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

6

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1] <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862.  In <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.  In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

<u>Swarthout</u>, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified

---

[1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id.</u> at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. <u>Id.</u> at 9.  Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. <u>Id.</u> at 13.  In <u>Greenholtz</u>, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. <u>Id.</u> at 15.

7

>     as to the reasons why parole was denied....
>     That should have been the beginning and the end of
>     the federal habeas courts' inquiry into whether
>     [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at 862-63.

Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites state law concerning the appropriate weight to be given to evidence. To the extent that Petitioner's claim or claims rest on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

8

1  can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440
2  F.2d 13, 14 (9th Cir. 1971).
3       It is clear from the allegations in the petition and the
4  documentation submitted in support of the petition that
5  Petitioner attended the parole suitability hearing, made
6  statements to the BPH, and received a statement of reasons for
7  the decisions of the BPH and the governor.  Thus, Petitioner's
8  own petition establishes that he had an opportunity to be heard
9  and a statement of reasons for the decisions in question.  It
10 therefore does not appear that Petitioner could state a tenable
11 due process claim.
12      Accordingly, it will be recommended that the petition be
13 dismissed without leave to amend.
14      V.   <u>Petitioner's Motion to Dismiss/Default Judgment</u>
15      On January 24, 2011, Petitioner filed a motion for dismissal
16 or default judgment because Respondent failed to respond to the
17 Court's order to show cause that issued on November 18, 2010.
18 (Doc. 20.)
19      The Court's order in question was docketed on November 19,
20 2010, and it 1) discharged a previous order to show cause; 2)
21 denied Petitioner's motion for stay and abeyance; and 3) directed
22 Respondent to file a response to the petition.  Respondent filed
23 a response in the form of an answer on January 18, 2011, within
24 the sixty-day period permitted in the order (doc. 12, 5:15-16;
25 doc. 19).  Respondent is not in default with respect to the
26 Court's order.
27      Accordingly, it will be RECOMMENDED that Petitioner's motion
28 for dismissal or default judgment be denied.

VI. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, it will be recommended that the Court decline to issue a certificate of appealability.

VII.   Recommendation

Accordingly, it is RECOMMENDED that:

1)   The petition be DISMISSED without leave to amend for Petitioner's failure to state a claim entitling him to relief in a proceeding pursuant to 28 U.S.C. § 2254; and

2)   Petitioner's motion for dismissal or default judgment be DENIED; and

3)   The Court decline to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close the case because an order of dismissal would terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 17, 2011**                              /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE